GREAT NORTHERN EXPRESS COMPANY v. NATIONAL SURETY COMPANY.[1]

January 6, 1911.

Nos. 16,797—(136).

**Indemnity insurance — degree of care required of express messenger — question for jury.**

Action on defendant's bond, whereby it promised to indemnify the plaintiff for any loss sustained by the culpable negligence of its express messenger, in connection with the duties pertaining to the position, which term was defined by the bond to mean a failure to exercise the degree of care which men of ordinary prudence usually exercise in regard to their own affairs. The alleged breach of the bond was the negligence of the messenger in failing to

[1] Reported in 129 N. W. 127.

keep the doors of his express car chained on the inside, which enabled robbers to enter the car, overpower him, and to steal from the car $5,000. Verdict for defendant. *Held:*

1. The negligence of the messenger, which would render the defendant liable, would be a failure on his part to exercise, in connection with the duties of his position, that degree of care which men of ordinary prudence usually exercise in regard to their own affairs of like gravity.

2. The bond defines the standard of care to be exercised by the messenger, which the plaintiff could not enlarge, as against the defendant, by establishing rules for the conduct of its business; but a rule making it the duty of the messenger to keep the car doors chained was admissible in evidence for the purpose of showing what were the duties pertaining to his position.

3. The mere fact that the messenger failed to chain the doors, if he did so, did not as a matter of law render the defendant liable; for it was a question for the jury whether, under all the facts which the evidence tended to show, he omitted to do anything in connection with the duties pertaining to his position which a man of ordinary prudence would usually do in his own affairs of like importance.

Action in the district court for Ramsey county to recover $5,000 upon a bond guaranteeing plaintiff against the personal dishonesty or culpable negligence of certain employees. The answer admitted the execution of the bond mentioned in the opinion, and alleged that on May 12, 1908, while Perrine was employed by plaintiff as a messenger in a railway car en route from Seattle, Washington, to Vancouver, British Columbia, certain persons armed with deadly weapons and firearms, one of whom was dressed in the regulation and customary uniform of the train men operating and controlling the train, for the purpose of robbing the train and the passengers, boarded the train, forcibly entered the car, and overpowered, disarmed and beat and bruised Perrine, to such an extent that he was unable to protect the money or property in the car; that the moneys taken from the car while Perrine was in this condition amounted to $5,000, which had been entrusted to the care of Perrine by plaintiff. The case was tried before Kelly, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, it appealed. Reversed and new trial granted.

*M. L. Countryman,* for appellant.
*How, Butler & Mitchell,* for respondent.

START, C. J.

Action in the district court of the county of Ramsey to recover $5,000, upon defendant's bond to plaintiff indemnifying it against loss by the culpable negligence of certain of its employees, of whom its express messenger, Joseph E. Perrine, was one. Verdict for the defendant. Appeal by the plaintiff from an order denying its motion for a new trial.

In the bond the plaintiff was designated as the employer, and thereby the defendant agreed to make good and reimburse the plaintiff any and "all pecuniary loss of money, securities, or other personal property belonging to the employer or in its possession as a common carrier, bailee, or warehouseman, sustained by the employer by or through the personal dishonesty or culpable negligence of any employee, for whom the company is or shall have become surety hereunder, in connection with the duties pertaining to the position to which he has been or may be appointed by the employer, and for which the employee shall be legally liable to the employer.

"The company shall not be liable * * * for any loss occasioned * * * by robbery, unless by or with the connivance or culpable negligence of the employee; and 'culpable negligence,' as used in this bond, shall be taken and held to mean failure to exercise that degree of care and caution which men of ordinary prudence and intelligence usually exercise in regard to their own affairs."

The alleged breach of the bond is based upon the facts following: On May 12, 1908, the plaintiff delivered to its messenger, Perrine, then in charge of its express car, a package of money amounting to $5,000, which was to be carried in the car from Seattle to Mount Vernon, Washington. While the money was so in his possession, armed robbers entered the express car, overcame and bound him, and then stole the money, which was never recovered, and the plaintiff paid the amount thereof to the owner. On each side of the express car was a sliding door, which could be fastened from the inside by a hasp and chain. At its end was a door opening into the car from

the platform.  This door was provided with a lock, and with a chain fastener on the inside, by means of which, when the chain was fastened in place, the door could be opened only about three inches, so that a person from the outside could not unfasten the chain.  The express messenger by these appliances could lock himself and money in his charge in, so that no one could enter the car, except by violence. The alleged negligence was that the messenger failed to keep the end door of the car chained, that it was his duty to keep the door chained, and that by reason of his failure to discharge the duty the robbers were enabled to enter the car and steal the money.  This the defendant denied.

On the trial the plaintiff, for the purpose of showing what the duty of the messenger was with reference to keeping the doors of the car chained, offered in evidence this rule:

"Chain fasteners must at all times be applied to door, except when opened for purpose of receiving or delivering express matter.  When train stops between stations, or at places where there are no agents, the door should never be opened, except as occasion demands, and then only the chain length, until you are satisfied everything is all right."

A foundation for the admission of the rule was shown, and there was evidence tending to show that the car door was not, at the time the robbers entered, chained.  The trial judge sustained the defendant's objection to the admission of the rule, and it was excluded.  In this connection he instructed the jury to this effect:  Culpable negligence as used in this bond the parties have stipulated shall be taken to mean failure to exercise that degree of care and caution which men of ordinary prudence and intelligence usually exercise in regard to their own affairs.  This is the standard of judgment which the parties have adopted for themselves, and for that reason I rejected the offer of the plaintiff to show certain rules of the plaintiff with respect to its messengers, because these people are entitled to be tried by the standard that they themselves have set up and agreed to.  The exclusion of the rule and the giving of the instruction are each assigned as error.

The pivotal question is whether the exclusion of the rule in con-

nection with the instruction was reversible error. The negligence of the messenger, as defined by the bond, which, if followed by loss to the plaintiff, would render the defendant liable therefor, would be a failure on his part to exercise, in connection with the duties pertaining to his position, that degree of care and caution which men of ordinary prudence and intelligence usually exercise in regard to their own affairs *of relative gravity.* The words we have italicized are not found in the bond, but they are necessarily implied, for the degree of care exercised by men of ordinary prudence in their own affairs depends upon the importance of the matter in hand.

The first contention of the defendant is, in effect, that the rule was properly excluded, for the reason that the parties to the bond thereby expressly defined the standard of care to be exercised by the messenger, and that the plaintiff, by establishing rules for the conduct of its business, could not, as against the defendant, enlarge the stipulated degree of care. This must be conceded, but it does not follow that the rule was rightly excluded; for the primary question is whether the messenger, in connection with the duties pertaining to his position, exercised that degree of care which men of ordinary prudence would exercise in their own affairs of like importance. That he did not exercise this degree of care in connection with his duties was a proposition the plaintiff was bound to establish. While it could not, by arbitrary and unreasonable rules, affect the contract liability of the defendant, yet it was both competent and necessary for the plaintiff to show what were the duties of the messenger in connection with his position; otherwise, the jury would have no intelligent basis for determining the question of his alleged negligence. Whatever may have been true as to other rules offered in evidence, the one to which we have referred was neither arbitrary nor unreasonable, but a clear, concise, and reasonable statement of the messenger's duties with reference to keeping the doors of the car safeguarded by the chain fasteners. We are therefore of the opinion that it was error not to receive this particular rule in evidence, for the purpose of showing what duties pertained to the messenger's position.

It is quite obvious that the case of Fonda v. St. Paul City Ry. Co.,

71 Minn. 438, 74 N. W. 166, 70 Am. St. 341, is not here in point, for the reason that the plaintiff in that case was a traveler on the public streets, between whom and the defendant there were no contractual relations, and therefore it necessarily followed that the defendant's private rules for the guidance of its employees in the discharge of their duties were not admissible in evidence for or against either party, for they could only fix a standard of duty as between itself and its employees.

In this case, however, there were contractual relations between the parties, whereby the defendant undertook to indemnify the plaintiff against loss by reason of the negligence of the messenger in connection with the duties pertaining to his position. The purpose of offering the rule in evidence as to such duties was not to enlarge the defendant's liability on its bond, but to advise the jury what his duties in the premises were, so that they might determine whether he was negligent in that connection; that is, determine whether he omitted to do anything in connection with his duties which a man of ordinary prudence would have done in his own affairs of like importance.

It is also contended that, even if it were error to exclude the rule, it was not reversible error, for the reason that the oral evidence on the part of the defendant tended to show what the duties of the messenger were with reference to keeping the doors of the car chained. The record discloses evidence of this character, and except for the instruction of the court, which is here assigned as error, we should be inclined to yield to the contention in this respect. The tendency of the instruction, in connection with the rejection of the rule, was to impress the jury that any evidence, oral or documentary, as to the messenger's duties, was unimportant, and, in the judgment of the trial judge, immaterial. The exclusion of the rule and the instruction, considered together, as they must be, constitute prejudicial error.

One other assignment of error must be disposed of in view of another trial. The trial court refused to give the requested instruction: "If [the jury] find from the evidence that the express messenger did not fasten the chain of this door on the day in question, it is

negligence within the meaning of the contract sued upon, which directly contributed to cause the loss, and that their verdict must be for the plaintiff, for the full amount sued on. * * * " This was properly refused, for it makes the entire case turn upon the question whether the messenger did or did not chain the car door. If he failed to chain the car door, then, as we have suggested, it was a question of fact for the jury, under all the facts disclosed by the evidence, whether such omission was negligence on his part within the meaning of the contract as we have defined it.

Order reversed, and a new trial granted.

SIMPSON, J., took no part.